STATE OF NORTH CAROLINA v. LITTLE HENRY HAYES

No. 7223SC312

(Filed 24 May 1972)

**1. Narcotics § 4— giving away stimulant drugs**

　　The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of giving away stimulant drugs in violation of G.S. 90-113.2(5), where it tended to show that defendant placed an aqua colored piece of paper in a library book which he gave to the prosecuting witness, and that two capsules containing amphetamines were thereafter discovered in the paper which had been placed in the book.

State v. Hayes

2. **Criminal Law § 118— statement of defendant's contentions — absence of evidence by defendant**

Although defendant did not testify or offer evidence, the trial court did not err in stating defendant's contentions in its instructions, since defendant's plea of not guilty put in issue every essential element of the crime charged.

APPEAL by defendant from *Crissman, Judge,* 13 December 1971 Session of Superior Court held in WILKES County.

The defendant was charged in a bill of indictment, proper in form, with giving stimulant drugs to Brenda Sue Faw in violation of G.S. 90-113.2(5). The defendant pleaded not guilty.

The State offered evidence tending to show that on 29 June 1971 at about 6:20 p.m. Brenda Sue Faw, a tenth grade student at West Wilkes High School, and her friend Chris Gambill were standing in front of the Liberty Theater in the town of North Wilkesboro when they were approached by the defendant and a boy named Bill Holcomb. The defendant asked Brenda to let him see a library book which she had in her hand. The defendant thumbed through the book, and Brenda saw him place an aqua colored piece of paper in the book. Brenda did not know the defendant, but Bill Holcomb had been trying to get her to date him, and she thought the paper was a note from him. The defendant returned the book just as Brenda's mother drove up, and Brenda got into the automobile and put the book on the seat. On the way home they stopped at a grocery store and Brenda went to get some milk. While Brenda was out of the automobile her five year old sister opened the book, found the aqua paper, and two "brown and clear capsules, containing orange and white pellets," which Brenda's mother took and gave to George L. McSwain, a special agent for the North Carolina State Bureau of Investigation. These capsules were analyzed and found to contain the stimulant drug amphetamine. The defendant offered no evidence.

The jury found the defendant guilty and from a judgment of imprisonment the defendant appealed.

*Attorney General Robert Morgan and Associate Attorney William Lewis Sauls for the State.*

*Jerry D. Moore for defendant appellant.*

State v. Hayes

HEDRICK, Judge.

[1] The defendant contends the Court erred in denying his motion for judgment as of nonsuit made at the close of all the evidence. We do not agree. When the evidence is considered in the light most favorable to the State, it is sufficient to raise an inference that the defendant placed the two brown and clear capsules containing the stimulant drug amphetamine in the aqua colored paper which he then put in the library book and gave to Brenda Sue Faw. We hold the evidence was sufficient to require the submission of the case to the jury and to support the verdict.

[2] The defendant contends that since he did not testify or offer evidence, the judge made "prejudicial remarks" when he stated the defendant's contentions to the jury. The defendant's plea of not guilty put into issue every essential element of the crime charged so as to require the State to prove these elements beyond a reasonable doubt. *State v. Lewis,* 274 N.C. 438, 164 S.E. 2d 177 (1968). A trial judge is not required to state the contentions of the litigants. But when he undertakes to give the contentions of one party, he must fairly charge as to those of the other. Failure to do so is error. *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49 (1968). In the charge to the jury the judge briefly and fairly stated the contentions of the State and the defendant. This was not error.

We have reviewed the entire record and hold the defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and PARKER concur.